UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARK MORRIS, CHAD ROBINSON, MICHAEL
VLAHAKIS d/b/a WOPPITZER RECORDS,

                Plaintiffs,

      v.

UMG RECORDINGS, INC. and UNIVERSAL
MUSIC GROUP DISTRIBUTION CORP.,

                Defendants.
-------------------------------------------------------------X

Case No. 12 CV 1743

JUDGE BAER

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

FILED

MAR 9 2012

U.S.D.C. S.D.N.Y.
CASHIERS

       Plaintiffs, MARK MORRIS, CHAD ROBINSON, and MICHAEL VLAHAKIS, d/b/a

WOPPITZER RECORDS (collectively referred to hereafter as "Plaintiffs"), by their attorneys,

Motta & Krents, as and for their complaint against the defendants, UMG RECORDINGS, INC.

and UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP, allege the following:

## PARTIES

    1.    Plaintiff, Mark Morris, is a resident of Austin, Texas, and utilizes the name

"Choosy Mother's Music" as his music publishing designee.

    2.    Plaintiff, Chad Robinson, is a resident of Carlsbad, California, and utilizes the

name "Wussypuff Music" as his music publishing designee.

    3.    Plaintiff, Michael Vlahakis, is a resident of Austin, Texas, and utilizes the name

"Pie.Mikey.Pie Music" as his music publishing designee.

    4.    Plaintiffs are members of the music group, **Dynamite Hack**, which formed in

Austin, Texas in 1997, and are involved in the composition, creation and performance of

original music, and utilizing the assumed name, Woppitzer Records, are involved in the

creation, marketing, and distribution of sound recordings embodying musical compositions written and composed by Plaintiffs.

5.      The defendant, UMG Recordings, Inc. ("UMG Recordings"), is a Delaware corporation authorized to do business in the States of California and New York, with corporate headquarters located at both 2220 Colorado Ave., Santa Monica, California 90494 and 1755 Broadway, New York, New York 10019.

6.      Upon information and belief, UMG Recordings is involved in all aspects of the recording industry, including but not limited to the creation, licensing and marketing of musical sound recordings.

7.      Upon information and belief, at all times relevant, Universal Records was an unincorporated subsidiary of UMG Recordings.

8.      The defendant, Universal Music Group Distribution Corp. ("UMGD"), is a Delaware corporation authorized to do business in the States of California and New York, with offices located at both 10 Universal City Plaza, # 400, Universal City, CA 91608 and 1755 Broadway, New York, New York 10019.

9.      Upon information and belief, UMGD produces, manufactures, and distributes prerecorded music primarily in compact disc format and via digital distribution over the Internet via a number of digital music retailers including, but not limited to, iTunes, Amazon.com, eMusic, and Rhapsody.

10.     Upon information and belief, at all times relevant, The Farm Club Online, Inc. d/b/a Jimmy and Doug's Farmclub.com ("Farm Club") was until May 13, 2010 a subsidiary of UMG Recordings, incorporated in the State of Delaware and authorized to do business in the State of New York, and since May 13, 2010 has been a division of UMG Recordings.

2

## JURISDICTION

11.     This court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

§§1331 and 1338(a) as this is an action brought under the Copyright Act and Copyright

Revision Act, 17 USCS § 101, *et seq*.

## VENUE

12.     Venue of this case is proper in this district pursuant to 28 U.S.C. §§1391(b)(1)

and (2) and 1400(a).

## BACKGROUND FACTS

13.     Plaintiffs are co-authors and copyright claimants through their publishing

designees of the musical composition, "Boyz-in-the-Hood," registered in 2001 with the U.S.

Copyright Office under file umbers PA0001033135 and PAu002633530.  (Copies of the print-

outs from the Copyright Catalog of the U.S. Copyright Office evidencing the registrations are

attached as Exhibit A.)

14.     Plaintiffs are co-authors and copyright claimants, through their publishing

designees, of the following musical compositions, registered on April 5, 2001 with the U.S.

Copyright Office under file number Pau002633531:

- Blue Sky
- Anyway
- G – Force
- Marie
- Granola
- Slice of Heaven
- Dear Kate
- Wussypuff
- Pick Up Lines
- Switcheroo
- Alvin

(A copy of the print-out from the Copyright Catalog of the U.S. Copyright Office evidencing the registration is attached as Exhibit B.) (The above referenced musical compositions, together with "Boyz-in-the Hood", will be referred to jointly hereafter as the "Infringed Compositions.")

15.     Plaintiffs performed and created sound recordings embodying the Infringed Compositions, and through Woppitzer Records, released and caused to be distributed, the sound recordings embodied upon an album entitled **SUPERFAST**.  (The sound recordings embodying the Infringed Compositions will be referred to hereafter as the "Infringed Recordings.")

16.     A copyright registration of the Infringed Recordings was issued to Plaintiffs on or about February 19, 2012 by the U.S. Copyright Office under file number SR0000692267. (A copy of the registration certificate is attached as Exhibit C.)

17.     On or about February 25, 2000, Woppitzer Records entered into an exclusive artist recording agreement furnishing the services of Plaintiffs with Universal Records and Farm Club (the "Agreement").

18.     Paragraph 9A of the Agreement granted Farm Club the sole and exclusive right throughout the Universe, during the duration of the Agreement and for a period of five years after termination of the Agreement (the "Rights Period"), to exploit the Infringed Recordings upon which the Infringed Compositions were embodied, including the right to exercise all rights as the exclusive licensee of the Infringed Recordings.  Upon the termination of the Rights Period, Farm Club and its licensees were given an additional six-month, non-exclusive license to sell off any existing physical inventory of albums of the Infringed Recordings (the "Sell-Off Period").  There was implied under Paragraph 9A a non-exclusive mechanical license to exploit

the Infringed Compositions in connection with, and for the licensed duration, of the Infringed

Recordings.

19.     On or about October 24, 2000 Defendants released a musical compilation album

entitled, *TAKE A BITE OUTTA RHYME*, which included the sound recording: "Boyz-in-the-

Hood."

20.     On May 23, 2001, Plaintiffs and Universal Records and Farm Club entered into

an agreement providing, in part, that the Agreement was terminated effective May 23, 2001.

21.     As a result of the termination of the Agreement on May 23, 2001, the Rights

Period expired on May 23, 2006, and the Sell-Off Period for physical inventory expired on

November 23, 2006.

22.     Upon information and belief, notwithstanding the termination of the Rights

Period, Defendants have, continuously to the present day, distributed and sold via the Internet

by digital download, made available for streaming on the Internet, and otherwise permitted the

dissemination via the Internet, the Infringed Recordings and the Infringed Compositions,

including specifically the musical recording and musical composition, "Boyz-in-the-Hood,"

individually and as embodied on the album, *SUPERFAST*.

23.     Upon information and belief, notwithstanding the termination of the Sell-Off

Period, Defendants have, continuously to the present day, distributed and sold physical copies

of the Infringed Recordings and the Infringed Compositions, individually and as embodied on

the album, *SUPERFAST*.

24.     Upon information and belief, notwithstanding the termination of the Rights

Period and Sell-Off Period, Defendants have, continuously to the present day, distributed and

sold in physical copies, via the Internet by digital download, made available for streaming on

the Internet, and otherwise permitted the dissemination via the Internet of the album, *TAKE A BITE OUTTA RHYME*, having embodied thereon the musical recording and composition; "Boyz-in-the-Hood."

25.    On or about July 12, 2011, Evan Dickson, **Dynamite Hack's** personal manager, became aware of UMG Recording's plans to re-release *SUPERFAST* for sale on July 19, 2011 and requested, in an e-mail writing, annexed hereto and made a part hereof as Exhibit D, that UMG Recordings immediately terminate their planned commercial release of the album and also requested that the musical recording and composition "Boyz-in-the-Hood" be immediately removed from *TAKE A BITE OUTTA RHYME*.

26.    On or about July 12, 2011 defendant, UMGD, acknowledged in an e-mail, annexed hereto and made a part hereof as Exhibit E, that they lost rights to *SUPERFAST* in 2006, and that the scheduled re-release of the album had been cancelled (Kelly Martinez, employee of defendant UMGD stated in the e-mail: "According to the information that I have, they are correct and we would have lost rights to this material [*SUPERFAST*] in 2006. As such, by copy of this to Elsy, I am requesting that she pull this digital release from the schedule immediately." Exhibit E).

27.    Notwithstanding the foregoing acknowledgment of UMGD, on or about July 19, 2011, Defendants caused to have produced, marketed, promoted and distributed the full-length album *SUPERFAST*, and have continued to do so to the present time.

## FIRST CLAIM FOR COPYRIGHT
## INFRINGEMENT OF THE INFRINGED COMPOSITIONS

28.     This is an action for damages, declaratory relief, and permanent injunctive relief

and is brought by Plaintiffs, pursuant to the Copyright Act and Copyright Revision Act, 17

U.S.C. §101, *et seq.*

29.     Plaintiffs have complied with all laws pertinent to the Infringed Compositions as

copyrighted works. (Copies of the print-outs from the Copyright Catalog of the U.S. Copyright

Office evidencing the registrations are attached as Exhibits A and B.)

30.     Upon information and belief, Defendants were the record label and distributor of

the Infringed Recordings upon which the Infringed Compositions were embodied and,

accordingly, have infringed the copyrights in the Infringed Compositions in a number of ways

including the following: (a) the manufacture, distribution and sale (and/or authorizing others to

do so) of the albums, *SUPERFAST* and *TAKE A BITE OUTTA RHYME*, and of the Infringed

Compositions embodied upon the albums; (b) authorizing and/or licensing the Infringed

Compositions for digital download; (c) by commercially exploiting the Infringed

Compositions; (d) by causing and/or materially contributing and/or by substantially

participating in and furthering the abovementioned infringing acts, and/or sharing in the

proceeds therefrom, all through unlicensed sales of the Infringed Compositions.

31.     Further, Defendants had the obligation, right, and ability to supervise such

infringing activity but allowed the infringement to occur, and they had an obvious and direct

financial interest in exploiting the copyrighted material as set forth above.

32.     Accordingly, Defendants are liable for direct, contributory and vicarious

copyright infringement.

33. Upon information and belief, Defendants have received payments for the unlicensed sale of the Infringed Compositions, without accounting for and remitting the publishing royalties due and owing to Plaintiff.

34. Upon information and belief, Defendants have received publishing royalties from the licensing of the Infringed Compositions for digital downloads and streaming via the Internet.

35. By reason of the infringement of the Infringed Compositions, and the continuous infringement by Defendants of the Infringed Compositions, Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their valuable property rights in the Infringed Compositions.

36. Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendants, its officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement of the Infringed Compositions.

37. Plaintiffs are further entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damage Plaintiffs have suffered by reason of Defendants' acts of copyright infringement but believe such damages exceed $250,000.00.

38. Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages obtained as a result of their acts of copyright infringement of the Infringed Compositions. Plaintiffs are at present unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their acts of copyright infringement of

8

the Infringed Compositions, but Plaintiffs are informed and believe that Defendants have obtained such gains, profits, and advantages in an amount exceeding $250,000.00.

39.     Alternatively, pursuant to 17 U.S.C. § 504, Plaintiffs are entitled to statutory damages of not less than $750.00 nor more than $30,000.00 for each infringement and in the event the court finds the infringement was committed willfully, for statutory damages not exceeding $150,000.00 for each infringement.

40.     In addition, pursuant to 17 U.S.C. § 505, Plaintiffs are entitled to their reasonable attorney's fees and costs in the prosecution of their action for copyright infringement of the Infringed Compositions.

## SECOND CLAIM FOR COPYRIGHT
## INFRINGEMENT OF THE INFRINGED RECORDINGS

41.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 40.

42.     Plaintiffs have complied with all laws pertinent to the Infringed Recordings as a copyrighted works. (A copy of the print-out from the Copyright Catalog of the U.S. Copyright Office evidencing the registration is attached as Exhibit C.)

43.     Upon information and belief, Defendants were the record label and distributor of the Infringed Recordings and have infringed the copyright in the Infringed Recordings in a number of ways including the following: (a) the manufacture, distribution and sale (and/or authorizing others to do so) of the albums, *SUPERFAST* and *TAKE A BITE OUTTA RHYME*, and of the Infringed Recordings (b) authorizing and/or licensing the Infringed Recordings for digital download; (c) by commercially exploiting the Infringed Recordings; (d) by causing and/or materially contributing and/or by substantially participating in and furthering

9

the abovementioned infringing acts, and/or sharing in the proceeds therefrom, all through unlicensed sales of the Infringed Recordings.

44.     Further, such Defendants had the obligation, right, and ability to supervise such infringing activity but allowed the infringement to occur, and they had an obvious and direct financial interest in exploiting the copyrighted material as set forth above.

45.     Accordingly, Defendants are liable for direct, contributory and vicarious infringement of the Infringed Recordings.

46.     Upon information and belief, Defendants have received payments for the unlicensed sale of the Infringed Recordings without accounting for and remitting the royalties due and owing to Plaintiffs.

47.     Upon information and belief, Defendants have received royalties for the licensing of the Infringed Recordings for digital downloads and streaming via the Internet.

48.     By reason of the infringement of the Infringed Recordings, and the continuous infringement by Defendants of the Infringed Recordings, Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their valuable property rights in the Infringed Recordings.

49.     Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendants, its officers, directors, agents, employees and representatives and all persons acting in concert with them from engaging in further acts of copyright infringement of the Infringed Recordings.

50.     Plaintiffs are further entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' acts of copyright infringement. Plaintiffs are at present

unable to ascertain the full extent of the monetary damage Plaintiffs have suffered by reason of

Defendants' acts of copyright infringement but believe such damages exceed $250,000.00.

51.     Plaintiffs are further entitled to recover from Defendants the gains, profits

and advantages it obtained as a result of their acts of copyright infringement of the Infringed

Recordings. Plaintiffs are at present unable to ascertain the full extent of the gains, profits, and

advantages Defendants have obtained by reason of their acts of copyright infringement of the

Infringed Recordings, but Plaintiffs are informed and believe that Defendants have obtained

such gains, profits, and advantages in an amount exceeding $250,000.00.

**WHEREFORE,** Plaintiffs demand judgment as follows:

a)  On Plaintiffs' First and Second Claims:

i)  That Defendants be found liable for direct, contributory and/or vicarious

copyright infringement.

ii)  That Defendants be ordered to submit to an accounting so that all gains,

sales, profits and advantages derived by Defendants from each of their acts, may be

determined.

iii)  For a preliminary and permanent injunction enjoining Defendants and all

persons acting in concert with them from copying, reproducing, performing, manufacturing,

promoting, advertising and distributing the Infringed Compositions and Infringed Recordings,

or performing any materials that are substantially similar to the Infringed Compositions and

Infringed Recordings, and to deliver to the Court for destruction or other reasonable

disposition, all such material and means for producing same, in Defendants' possession or

control.

iv)  For actual damages and Defendants' profits in an amount to be determined at trial, not less than $250,000.00.

v)  For declaratory judgment that Plaintiffs own the copyright in the Infringed Compositions and the Infringed Recordings, including the album **SUPERFAST** and the single "Boyz-in-the-Hood," and are entitled to publishing royalties and royalties on the sale of physical and digital albums, including digital download royalties and ringtone royalties, based on such ownership or, in the alternative, that the Court declare Plaintiffs' ownership interest in the musical compositions and sound recordings of such works, and order appropriate payment based upon such ownership interest.

vi)  For Plaintiffs' reasonable attorneys' fees, interest, costs, and disbursements.

vii)  For such other and further relief as the Court deems just and proper.

b)  On their Second Claim:

i)  For statutory damages pursuant to 17 U.S.C. § 504, in an amount to be determined at trial not less than $250,000.00, plus interest, and for Plaintiffs' reasonable attorney's fees and litigation expenses incurred in the prosecution of the matter pursuant to 17 U.S.C. § 505.

Dated: New York, New York
       March 7, 2012

ANTHONY MOTTA (AM-1648)
MOTTA & KRENTS
Attorneys for Plaintiffs
50 Broadway, Suite 2202
New York, N.Y. 10038
Tel:  (212) 791-7360
Fax: (212) 791-7468

# EXHIBIT A

# Copyright
### United States Copyright Office

| Help | Search | History | Titles | Start Over |

---

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = PA0001033135
Search Results: Displaying 1 of 1 entries

 

---



### *Boyz-n-the hood.*

|  |  |
|---|---|
| **Type of Work:** | Music |
| **Registration Number / Date:** | PA0001033135 / 2001-01-16 |
| **Title:** | Boyz-n-the hood. |
| **Appears in:** | Superfast. Woppitzer Records/Jimmy and Doug's Farmclub.com/Universal Records 012 157 894-2, c2000. Compact disc |
| **Publisher Number:** | Woppitzer Records/Jimmy and Doug's Farmclub.com/Universal Records 012 157 894-2 |
| **Notes:** | Contains an interpolation of song by the same name written by Andre Young, Eric Wright, O'Shea Jackson. |
| **Performer:** | Performed by Dynamite Hack. |
| **Copyright Claimant:** | Ruthless Attack Muzick, Choosey Mothers Music, Pie Mikey Pie Music, Wussypuff Music, Happysmallchild Music |
| **Date of Creation:** | 2000 |
| **Date of Publication:** | 2000-05-23 |
| **Authorship on Application:** | music: Mark Morris, Michael Vlahakis, Chad Robinson, Chase Scott. |
| **Names:** | Young, Andre |
|  | Wright, Eric |
|  | Jackson, O'Shea |
|  | Morris, Mark |
|  | Vlahakis, Michael |
|  | Robinson, Chad |
|  | Scott, Chase |
|  | Dynamite Hack |
|  | Ruthless Attack Muzick |
|  | Choosey Mothers Music |
|  | Pie Mikey Pie Music |
|  | Wussypuff Music |
|  | Happysmallchild Music |

◀ **previous**  **next** ▶

| Save, Print and Email (Help Page) |
|---|
| Select Download Format  Full Record  ▼  Format for Print/Save |
| Enter your email address:                                    Email |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page

Case 1:12-cv-01743-HB Document 1 Filed 03/09/12 Page 16 of 26

**Copyright**
United States Copyright Office

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = PAu002633530
Search Results: Displaying 1 of 1 entries



*Boyz-n-the hood.*

**Type of Work:** Music

**Registration Number / Date:** PAu002633530 / 2001-04-05

**Title:** Boyz-n-the hood.

**Appears in:** Superfast. Compact disc

**Performer:** Performed by Dynamite Hack.

**Copyright Claimant:** Choosy Mother's Music, Wussypuff Music, Pie.Mikey.Pie Music, O'Shea Jackson, Eric Wright, Andre Young

**Date of Creation:** 2000

**Authorship on Application:** words & music: Mark Morris, 1973-, Chad Robinson, 1971-, Michael Vlahakis, 1971-, O'Shea Jackson, Eric Wright, Andre Young.

**Copyright Note:** C.O. correspondence.

**Names:** Morris, Mark, 1973-
Robinson, Chad, 1971-
Vlahakis, Michael, 1971-
Jackson, O'Shea
Wright, Eric
Young, Andre
Dynamite Hack
Choosy Mother's Music
Wussypuff Music
Pie.Mikey.Pie Music





| Save, Print and Email (Help Page) |
|---|

Select Download Format  Full Record ▾  Format for Print/Save

---

Help   Search   History   Titles   Start Over

---

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

catalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=PAu002633530&Search_Code=REGS&PID=H2E...

2/

# EXHIBIT B

# Copyright
United States Copyright Office

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Author = Morris, Mark
Search Results: Displaying 4 of 4 entries



*Switcheroo, & 10 other songs.*

Type of Work: Music
Registration Number / Date: PAu002633531 / 2001-04-05
Title: Switcheroo, & 10 other songs.
Appears in: Superfast. Compact disc
Performer: Performed by Dynamite Hack.
Copyright Claimant: Choosy Mother's Music, Wussypuff Music, Pie.Mikey.Pie Music
Date of Creation: 2000
Authorship on Application: words & music: Mark Morris, 1973-, Chad Robinson, 1971-, Michael Vlahakis, 1971-.
Copyright Note: C.O. correspondence.
Variant title: Switcheroo
Names: Morris, Mark, 1973-
Robinson, Chad, 1971-
Vlahakis, Michael, 1971-
Dynamite Hack
Choosy Mother's Music
Wussypuff Music
Pie.Mikey.Pie Music



| Save, Print and Email (Help Page) | |
| --- | --- |
| Select Download Format  Full Record | Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright
Copyright Office Home Page  |  Library of Congress Home Page

# EXHIBIT C



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Wussypuff
Search Results: Displaying 1 of 1 entries



*Mellow Version of Anyway, et al.*

|  |  |
|---|---|
| **Type of Work:** | Sound Recording |
| **Registration Number / Date:** | SR0000692267 / 2012-02-19 |
| **Application Title:** | SUPERFAST. |
| **Title:** | Mellow Version of Anyway, et al. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Mark Morris, dba Woppitzer Records. Address: street Not Known, city Not Known, United States. |
|  | Chad Robinson, dba Woppitzer Records. Address: street Not Known, city Not Known, United States. |
|  | Michael Vlahakis, dba Woppitzer Records. Address: street Not Known, city Not Known, United States. |
| **Date of Creation:** | 2000 |
| **Date of Publication:** | 2000-01-24 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Mark Morris, member of Dynamite Hack, 1973- ; Domicile: United States; Citizenship: United States. Authorship: sound recording, performance. |
|  | Chad Robinson, member of Dynamite Hack, 1971- ; Domicile: United States; Citizenship: United States. Authorship: sound recording, performance. |
|  | Michael Vlahakis, member of Dynamite Hack; Domicile: United States; Citizenship: United States. Authorship: sound recording, performance. |
| **Rights and Permissions:** | Evan K Dickson, Evan Dickson Music Management, 5030 Maplewood Ave #201, Los Angeles, CA, 90004, United States, (310) 592-9394, evandickson@me.com |
| **Copyright Note:** | C.O. correspondence. |
|  | Regarding deposit: Special Relief granted under 202.20(d) of C.O. regulations. |
| **Contents:** | Mellow Version of Anyway. |
|  | Boyz-N-The-Hood (Uncensored) |
|  | Blue Sky. |
|  | Anyway. |
|  | G-Force. |
|  | Switcheroo. |
|  | Granola. |
|  | Slice of Heaven. |

Dear Kate.
Wussypuff.
Pick Up Lines.
Marie.

**Names:** Morris, Mark, 1973-
Robinson, Chad, 1971-
Vlahakis, Michael
Dynamite Hack
Woppitzer Records



| Save, Print and Email (Help Page) | |
|---|---|
| Select Download Format  Full Record | Format for Print/Save |
| Enter your email address: | Email |

Help   Search   History   Titles   Start Over

# EXHIBIT D

From: Evan Dickson [mailto:evandickson@me.com]

Sent: Tuesday, July 12, 2011 12:10 PM

To: Feldman, Jaime

Subject: Dynamite Hack / Superfast


Hi Jamie,


My friend Louie passed your email address on to me and I was
wondering if I could ask you a few questions?


I manage the band Dynamite Hack who are now re-grouping after
some time apart. I know that Fred Davis did their signing deal as
well as their exit agreement with Farmclub/Universal in 2000 and
2001. I've been in contact with Davis/Shapiro about obtaining
copies of those agreements for reference and hope to have them
soon but, in the meantime was wondering what the status of their
catalog (Superfast) is?


I know that their deal was a licensing agreement between
Woppitzer records and Jimmy and Doug's Farmclub. The band
paid for the recording of the material themselves and had already
self-released the album regionally at the time they were
approached by Universal, who then reissued it.


According to my clients, the initial agreement was limited to a
term of 5 years (beginning in 2000). Is this the understanding over
at Universal as well? Or was there some language in the exit
agreement that negates it?


Thanks so much for your help. If you would rather call than reply
by email I can be reached at (310) 592-9394


Thanks,


Evan


Sent from my iPhone

# EXHIBIT E

-----Original Message-----
From: Martinez, Kelly
Sent: Tuesday, July 12, 2011 2:49 PM
To: Feldman, Jaime
Cc: Stine, Jerry; Pappas, Scott; Ravine, Scott; Hernandez, Elsy
Subject: RE: Dynamite Hack / Superfast

It's also good to actually put Elsy on copy here - sorry!

-----Original Message-----
From: Martinez, Kelly
Sent: Tuesday, July 12, 2011 2:43 PM
To: Feldman, Jaime
Cc: Stine, Jerry; Pappas, Scott; Ravine, Scott
Subject: RE: Dynamite Hack / Superfast

Hi, Jaime:
According to the information that I have, they are correct and we would have
lost rights to this material in 2006.
As such, by copy of this to Elsy, I am requesting that she pull this digital
release from the schedule immediately.
Thanks, everyone!
-Kelly

-----Original Message-----
From: Feldman, Jaime
Sent: Tuesday, July 12, 2011 1:18 PM
To: Martinez, Kelly; Ravine, Scott
Subject: FW: Dynamite Hack / Superfast

Just a further note on this...

-----Original Message-----
From: Evan Dickson [mailto:evandickson@me.com]
Sent: Tuesday, July 12, 2011 1:16 PM
To: Feldman, Jaime
Subject: Re: Dynamite Hack / Superfast

Hi Jamie,

Thanks for getting back to me!

Whenever you can is fine, totally don't want to rush you. But the reason I'm
passing it along now is that it appears (from the link below at least) as if
Universal is planning a digital release of SUPERFAST on July 19th? Just
trying to figure out a fair solution and see where we stand. We have our own
digital version on sale via our original label.

http://www.amazon.com/Superfast-