UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARK MORRIS, CHAD ROBINSON, MICHAEL :
VLAHAKIS d/b/a WOPPITZER RECORDS, :
                                                                                                  :
                     Plaintiffs,           :      Case No.: 12 CV 1743
                                                        :             (HB)
   - against -                                           :

UMG RECORDINGS, INC. and UNIVERSAL MUSIC :      **ANSWER**
DISTRIBUTION CORP., :

                     Defendants.      :
------------------------------------------------------------------------X

      Defendant UMG Recordings, Inc. and Universal Music Group Distribution, Corp. (hereinafter collectively, "UMG"), by and through its attorneys, Shapiro, Arato & Isserles LLP, as and for their answer to the complaint dated March 7, 2012 (the "Complaint") of Plaintiffs Mark Morris, Chad Robinson, Michael Vlahakis d/b/a Woppitzer Records (collectively "Plaintiffs"), respond as follows:

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

      2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

      3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

      4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that UMG Recordings, Inc. is a corporation organized and existing under the laws of the State of Delaware, is authorized to do business in California and New York, and has its principal place of business at 2220 Colorado Avenue, Santa Monica, California 90404.

6. Deny the allegations contained in paragraph 6 of the Complaint, except aver that UMG Recordings, Inc. is a company engaged in the business, *inter alia*, of marketing, distributing, selling, and licensing recorded music through a variety of divisions, subsidiaries and affiliates.

7. Admit the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit that Universal Music Group Distribution Corporation is a corporation organized and existing under the laws of the State of Delaware, is authorized to do business in California and New York, and has its principal place of business at 2220 Colorado Avenue, Santa Monica, California 90404.

9. Deny the allegations contained in paragraph 9 of the Complaint, except aver that Universal Music Group Distribution Corporation is engaged in the business of distributing recorded music, in both physical and digital configurations.

10. Deny the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint, except aver that Plaintiffs purport to assert claims under the Copyright Act and Copyright Revision Act.

12. Aver that no response is required to the allegations contained in paragraph 12 insofar as they state a legal conclusion; however, to the extent a response is required, Defendants further aver that they do not dispute venue in this matter.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint, except aver that, by agreement dated February 25, 2000 ("the Agreement"), Woppitzer Records agreed to furnish the exclusive recording services of Plaintiffs, among others, to Universal Records, a division of UMG Recordings, Inc., and The Farm Club Online, Inc.

18. Deny the allegations contained in paragraph 18 of the Complaint, and respectfully refer the Court to the Agreement for its true and accurate contents.

19. Deny the allegations contained in paragraph 19 of the Complaint, except admit that Universal Records, a division of UMG Recordings, Inc., released the album titled "Take A Bite Outta Rhyme" on or about October 24, 2000.

20. Deny the allegations contained in paragraph 20 of the Complaint, except admit that Plaintiffs entered into a separate agreement (the "Termination Agreement" with Universal Records, a division of UMG Recordings, Inc., and The Farm Club Online, Inc. on or about March 23, 2001, terminating the "Term" of the Agreement, and respectfully refers the Court to the Termination Agreement for its true and accurate contents.

21.     Deny the allegations contained in paragraph 21 of the Complaint, and respectfully refer the Court to the Agreement and Termination Agreement for their true and accurate contents.

22.     Deny the allegations contained in paragraph 22 of the Complaint, except aver that UMG has exploited certain sound recordings embodying the performances of the group professionally known as Dynamite Hack since 2006.

23.     Deny the allegations contained in paragraph 23 of the Complaint, except aver that UMG has exploited certain sound recordings embodying the performances of the group professionally known as Dynamite Hack since 2006.

24.     Deny the allegations contained in paragraph 24 of the Complaint, except aver that UMG has exploited certain sound recordings embodying the performances of the group professionally known as Dynamite Hack since 2006.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and respectfully refer the Court to any applicable communications between the parties for their true and accurate contents.

26.     Deny the allegations contained in paragraph 26 of the Complaint, and respectfully refer the Court to any applicable communications between the parties for their true and accurate contents.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Aver that no response is required to the statements contained in paragraph 28, as they merely characterize Plaintiffs' claims and requested relief.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. UMG repeats and realleges each and every one of its responses to Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

## AS AND FOR A FIRST DEFENSE

(1)   The Complaint fails to state a claim against UMG upon which any relief may be granted.

## AS AND FOR A SECOND DEFENSE

(2)   Plaintiffs' claims for copyright infringement are barred in their entirety on theories of express and implied license.

## AS AND FOR A THIRD DEFENSE

(3)   Plaintiffs' claims for copyright infringement and prayers for relief are barred, in whole or in part, by the doctrines of waiver, estoppels, laches and acquiescence.

## AS AND FOR A FOURTH DEFENSE

(4)   Any harm alleged to have been suffered by Plaintiffs is the result of acts or omissions on the part of persons, including Plaintiffs and their representatives, over whom UMG has no control.

## AS AND FOR A FIFTH DEFENSE

(5)   In the event of a finding of infringement, if any, any such infringement by UMG was innocent.

## AS AND FOR A SIXTH DEFENSE

(6) Plaintiffs' claims for copyright infringement and resultant damages are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A SEVENTH DEFENSE

(7) Plaintiffs' claims and/or prayers for equitable relief and remedies are barred on the ground that Plaintiffs have an adequate remedy at law.

## AS AND FOR AN EIGHTH DEFENSE

(8) Plaintiffs' claims are subject to dismissal in whole or in part for failure to join necessary and indispensable parties.

**WHEREFORE**, UMG respectfully requests that the Court:

A. Dismiss Plaintiffs' Complaint in its entirety with prejudice, and award judgment to UMG;

B. Award UMG its reasonable costs and attorneys' fees incurred in having to defend this action, pursuant to 17 U.S.C. § 505; and

C. Award UMG such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 23, 2012

SHAPIRO, ARATO & ISSERLES LLP

/s Cynthia S. Arato
Cynthia S. Arato
1114 Avenue of the Americas, 45th Floor
New York, New York 10036
Phone: (212) 479-6724
Fax: (212) 202-6417

*Attorneys for Defendants UMG Recordings, Inc., and Universal Music Group Distribution, Corp. (erroneously sued as Universal Music Distribution Corp.)*